# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| RAYMOND D. BUSHNER, | Case No. 2:23-cv-3623 |
| Plaintiff, | |
| vs. | District Judge Michael H. Watson |
| | Magistrate Judge Elizabeth P. Deavers |
| ALLAN SZOKE, *et al.*, | |
| Defendants. | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at the Lebanon Correctional Institution, in Lebanon, Ohio, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against defendants Allan Szoke, Todd Diehl, "Graves," Robert Letts, and Jeremy Evans for alleged violations of his rights while he was housed at the Ross Correctional Institution (RCI), in Chillicothe, Ohio.[1] By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant

---

[1] Plaintiff filed the complaint with exhibits. Pursuant to Federal Rule of Civil Procedure 10, the exhibits are considered a part of the amended complaint "for all purposes." Fed. R. Civ. P. 10(c). *See Fishman v. Williams*, No. CV 14-4823, 2016 WL 11484591, at *7 (C.D. Cal. Sept. 21, 2016) ("When screening a *pro se* plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court may consider facts drawn from the complaint and supporting exhibits attached thereto."); *Johnson v. Buffalo Pub. Schools: Adult Educ. Div.*, No. 19-CV-1484, 2021 WL 9455714, at *3 (W.D.N.Y. Jan. 7, 2021) ("The Court deems the attachments and exhibits attached to Johnson's Complaint part of the pleading and considers them, to the extent they are relevant, in its screening decision."). However, the Court declines to comb through the record to raise new claims or make legal arguments for plaintiff. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("Furthermore, although this court has discretion to more broadly review the record on appeal, we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it.").

who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

## Screening of Complaint

**A.     Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A

complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

B. **Plaintiff's Allegations**

Plaintiff alleges that on June 19, 2023, defendant RCI Unit Manager Jeremy Evans

3

advised him of the location of a set of handcuffs "for [him] to place a 'hit' [o]n [his] current cellmate in segregation." (Doc. 1-1, at PageID 19). Plaintiff alleges that he refused to assault his cellmate, returned the handcuffs to Evans on June 20, 2023, and "expose[d]" the "breach of security." (*Id*.).

Plaintiff alleges that on June 23, 2023, Evans retaliated against him for exposing the requested assault. According to plaintiff, Evans stated, "So you want to [f]ile an Informal Complaint huh?" (Doc. 1-1, at PageID 19). Evans and other non-defendant and/or unidentified RCI officers[2] then allegedly proceeded to "shakedown" plaintiff's cell. After the cell-shakedown, Evans allegedly approached plaintiff and asked if he was still going to file a grievance. When plaintiff responded in the affirmative, Evans and the other RCI staff members allegedly conducted a second shakedown of his cell, confiscating all of plaintiff's legal mail. (*Id*.). Evans allegedly took the mail to defendant Graves' office, where it was searched for contraband outside plaintiff's presence, in violation of prison policy and federal law governing mail tampering. (*Id*).

Plaintiff alleges that he was told by an RCI Assistant Chief Inspector, who is not named as a defendant, that illegal substances were found within his legal papers. (Doc. 1-1, at PageID 19). Plaintiff alleges, however, that he was later told by defendant Institutional Inspector Todd Diehl that no contraband was found in his legal papers. (*Id*.; *see also* PageID 24, 27).

According to plaintiff, more than twelve years of legal research and a response to a summary judgment motion in another civil case of his, *Bushner v. McConahay*, 1:22-cv-484

---

[2]Plaintiff includes various allegations in his Complaint against non-defendants. To the extent that plaintiff asserts claims against non-defendants, those claims are subject to dismissal. *See Burfitt v. Lawless*, No. 1:19-CV-781, 2019 WL 7040341, at *2 (S.D. Ohio Dec. 2, 2019), *report and recommendation adopted*, No. 1:19CV781, 2019 WL 7020384 (S.D. Ohio Dec. 20, 2019).

4

(N.D. Ohio), was destroyed, "causing him to [f]ile an [u]nsearched [sic], unprepared and [r]ushed [r]esponse [to the summary judgment motion]." (Doc. 1-1, at PageID 15, 20).

Plaintiff alleges that on August 30, 2023, he went on a hunger strike. Plaintiff alleges that he was strip-searched by unidentified RCI staff in violation of prison procedures. He further alleges that a non-defendant corrections officer unlawfully confiscated his legal mail and searched it outside of his presence based on orders from defendant Evans. (Doc. 1-1, at PageID 20).

Plaintiff seeks declaratory, injunctive, and monetary relief. (*Id.*, at PageID 20-21).

### C. Analysis of the Complaint

Based on the above allegations, plaintiff states that he is bringing claims for violations of the First Amendment, prison policy and procedures, and federal law prohibiting tampering with mail. (Doc. 1-1, at PageID 19-20). Liberally construed, see *Erickson*, 551 U.S. at 94, the Court understands those claims to fall into the following seven counts: (1) First Amendment retaliation in the form of cell searches and/or legal-mail confiscation in June and August 2023 against defendant Evans (Count One); (2) First Amendment interference with plaintiff's legal mail in June 2023 against defendants Evans and Graves (Count Two); (3) First Amendment interference with plaintiff's legal mail in August 2023 against defendant Evans (Count Three); (4) First Amendment denial of access to the courts in June 2023 against defendants Evans and Graves (Count Four); (5) improper investigation of plaintiff's grievance against defendant Diehl (Count Five); (6) violation of prison legal-mail policy or procedure against defendants Evans and Graves (Count Six); and (7) violation of unspecified federal law prohibiting mail tampering against defendants Evans and Graves (Count Seven).

5

At this stage in the proceedings, without the benefit of briefing by the parties, the undersigned concludes that plaintiff may proceed for further development at this juncture with Count One's First Amendment retaliation claim against defendant Evans; Count Two's First Amendment interference-with-legal-mail claim against defendants Evans and Graves; and Count Three's First Amendment interference-with-legal-mail claim against defendant Evans.[3] For the reasons set forth below, however, plaintiff's remaining claims should be dismissed. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

As an initial matter, the complaint does not contain any allegations against defendants Allan Szoke or Robert Letts. The complaint, therefore, fails to state a claim against these defendants and they should be dismissed. *See Rice v. Jones*, No. 1:22-CV-695, 2023 WL 2477594, at *6 (S.D. Ohio Mar. 13, 2023), *report and recommendation adopted*, No. 1:22-CV-695, 2023 WL 3151861 (S.D. Ohio Mar. 31, 2023), *appeal dismissed*, No. 23-3373, 2023 WL 5273936 (6th Cir. June 6, 2023).

Next, the only claim the undersigned can infer that plaintiff intends to assert against defendant Diehl relates to his investigation of plaintiff's grievances. (*See* Doc. 1-1, at PageID 19). However, "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Daniels v. Lisath*, No. 2:10cv968, 2011 WL 2710786, at *2 (S.D. Ohio July 13, 2011) (same). Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson*,

---

[3] However, the Court warns plaintiff that this is only a preliminary determination. The Court has not made a determination as to the merits of the claims or potential defenses thereto, nor are the defendants precluded from filing a motion to dismiss, motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure.

977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). As such, Count Five should be dismissed.

Additionally, any claims against defendants Evans and/or Graves, the only remaining defendants in this action, must be dismissed to the extent that plaintiff seeks monetary damages against them in their official capacities. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dep't of Treasury*, 323 U.S. 459, 464 (1945). A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, defendants Evans and Graves are immune from suit in their official capacities to the extent that plaintiff seeks monetary damages.

7

Nor can plaintiff state a § 1983 claim based on a violation of prison policy or procedure. *See Williams v. Burgess*, No. 5:21-cv-99, 2021 WL 5816830, at *4 (W.D. Ky. Dec. 7, 2021) (citing *Laney v. Farley*, 501 F.3d 577, 580 n.2 (6th Cir. 2007)) ("The purpose of § 1983 is to remedy violations of federal law, not state law."); *Lewellen v. Metro. Gov't of Nashville*, 34 F.3d 345, 347 (6th Cir. 1994) ("Unless a deprivation of some federal constitutional or statutory right has occurred, § 1983 provides no redress even if the plaintiff's common law rights have been violated and even if the remedies available under state law are inadequate"). Thus, because Count Six alleges that defendants Evans and/or Graves violated prison policy or procedure, it should be dismissed. *See Brown v. Mahlman*, No. 1:22-cv-239, 2022 WL 17817615, at *3 (S.D. Ohio Dec. 19, 2022) (dismissing alleged violations of Ohio Department of Rehabilitation and Correction policy because they "fall outside the scope of § 1983").

Further, to the extent that plaintiff seeks to sue defendants Evans or Graves for violations of federal law prohibiting mail tampering, he has likewise failed to state a claim for relief. "Criminal statutes generally do not confer a private right of action, and courts do not 'routinely, imply private rights of action in favor of the victims of violations of criminal laws.'" *Butler v. Karet*, No. 21 CV 981, 2021 WL 3633476, at *2 (N.D. Ohio Aug. 17, 2021) (quoting *Ohlendorf v. United Food & Commercial Workers Int'l Union, Local 876*, 883 F.3d 636, 642 (6th Cir. 2018)). Further, "as a private citizen, [plaintiff] lack[s] 'a judicially cognizable interest' in [any defendant's] criminal prosecution." *Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *2 (6th Cir. Nov. 15, 2017) (quoting *Diamond v. Charles*, 476 U.S. 54, 64 (1986) (in turn quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Count Seven should therefore be dismissed.

Also, in order to state a First Amendment claim for a denial of access to the courts, plaintiff must allege facts indicating he was actually impeded in an existing or contemplated non-frivolous legal proceeding. *Lewis v. Casey,* 518 U.S. 343, 351–53 (1996); *Hadix v. Johnson,* 182 F.3d 400, 406 (6th Cir.1999). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). Plaintiff has not alleged any of these types of prejudice. Rather, plaintiff alleges that he was rushed in the filing of a response to a motion for summary judgment in an action that is still pending in the Northern District of Ohio.[4] Under these circumstances, plaintiff's access-to-courts claim is at best premature. *See, e.g., Lamon v. Stephens*, No. 14-CV-01051, 2014 WL 5488381, at *2 (S.D. Ill. Oct. 30, 2014) ("because the underlying case is still pending, [the plaintiff] has yet to suffer any actionable harm."); *Longval v. Maloney*, No. CIV.A. 01-11458, 2002 WL 1729542, at *2 (D. Mass. July 24, 2002) ("Since [the plaintiff's] state suit is still pending, he has not yet been deprived of his property right in a potential damages award in that case, nor is there any certainty that he will be."); *Delew v. Wagner,* 143 F.3d 1219, 1222–23 (9th Cir. 1998) ("However, because the [plaintiffs'] wrongful death action remains pending in state court, it is impossible to determine whether [a violation of their right of access to the courts] has in fact occurred."). Therefore, Count Four's access-to-courts claim "should be dismissed, without leave to amend

---

[4]Plaintiff does not allege that he was prevented from filing the response, and the docket in that case reflects that the response was filed on August 10, 2023. *See* Case No. 1:22-cv-484 (N.D. Ohio) (Doc. 31). "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.1980) (quoting *Granader v. Public Bank,* 417 F.2d 75, 82–83 (6th Cir.1969)); *see also Nat'l Union Fire Ins. Co. v. VP Bldgs., Inc.,* 606 F.3d 835, 839 n.2 (6th Cir.2010); *Lyons v. Stovall,* 188 F.3d 327, 333 n. 3 (6th Cir.1999).

but without prejudice to raising in a new action." *Windham v. Franklin*, No. CV 13-3004-SVW JEM, 2014 WL 7740262, at *11 (C.D. Cal. Aug. 29, 2014), *report and recommendation adopted*, No. CV 13-3004-SVW JEM, 2015 WL 500500 (C.D. Cal. Feb. 2, 2015).

Accordingly, in sum, plaintiff may proceed for further development at this juncture with Counts One through Three of his complaint against defendants Evans and Graves. However, for the above reasons, the undersigned **RECOMMENDS** that the Court **DISMISS** Count Four of the complaint **without prejudice** as premature and the remaining Counts Five through Seven of the complaint **with prejudice** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

## IT IS THEREFORE RECOMMENDED THAT:

1. The Court **DISMISS** Count Four of the complaint **without prejudice** as premature. *See* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

2. The Court **DISMISS** Counts Five through Seven of the Complaint **with prejudice** for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

3. The Court certify pursuant to 28 U.S.C. § 1915(e)(2)(B) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff may proceed for further development at this juncture with Counts One through Three of his complaint against defendants Evans and Graves.

2.  The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued granting plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Evans and Graves, as directed by plaintiff.

3.  Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

4.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

## PROCEDURE ON OBJECTIONS:

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another

party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

December 8, 2023  *s/ Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
United States Magistrate Judge