UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Raymond D. Bushner,

    Plaintiff,

    v.

Allan Szoke, *et al.*,

    Defendants.

Case No. 2:23-cv-3623

Judge Michael H. Watson

Magistrate Judge Deavers

## ORDER

Raymond Bushner ("Plaintiff") is an inmate at the Lebanon Correctional Institution ("LCI") who is proceeding pro se in this prisoner civil rights case. He sues five defendants (Allan Szoke, Todd Diehl, "Graves", Robert Letts, and Jeremy Evans, collectively "Defendants") for actions allegedly taken while Plaintiff was housed at Ross Correctional Institution ("RCI"). Compl., ECF No. 3.

### I.    BACKGROUND

At its core, Plaintiff alleges that Jeremy Evans ("Evans") offered Plaintiff a pair of handcuffs to facilitate Plaintiff taking a "hit" on his cellmate, but Plaintiff refused to take the hit and instead informed staff about Evans's security breach. Compl. 6, ECF No. 3. In retaliation, on multiple occasions thereafter Evans either shook down Plaintiff's cell himself or directed others to do so. *Id.* at 6–7. During the shakedowns, officers confiscated legal mail from Plaintiff's cell and examined it outside of his presence. *Id.* Plaintiff alleges the inspection of his legal mail outside of his presence violated his constitutional rights to access the

courts and be free from First Amendment retaliation, prison policies, and federal laws prohibiting tampering with mail. *Id.* at 6.

## II. REPORT AND RECOMMENDATION

Pursuant to the Court's general orders and 28 U.S.C. § 1915A, Magistrate Judge Deavers performed an initial screen of this case and then issued an Order and Report and Recommendation ("R&R"). R&R, ECF No. 4.

The R&R liberally construed Plaintiff's allegations as raising seven counts. *Id.* at 5. The R&R recommended permitting Plaintiff to proceed with counts one through three but recommended the Court dismiss counts four through seven. *Id.* at 6.

First, the R&R concluded that the Complaint lacked any factual allegations against two of the named defendants: Allan Szoke ("Szoke") and Robert Letts ("Letts"). *Id.* It therefore recommended dismissing any claim against those defendants. *Id.*

Next, the R&R concluded that Plaintiff raised a claim against Diehl regarding Diehl's allegedly improper handling of Plaintiff's grievances but that there is no cause of action cognizable under § 1983 for failing to adequately investigate a grievance. *Id.* As such, the R&R recommended dismissing any claim against Diehl. *Id.*

Third, the R&R concluded that any official-capacity claims against Evans and Graves for money damages must be dismissed under the Eleventh Amendment. *Id.* at 7.

Fourth, the R&R concluded that any claims based on a violation of prison policy or procedure are not cognizable under § 1983 and should therefore be dismissed. *Id.* at 8.

Fifth, the R&R concluded that there is no private right of action under the criminal mail tampering law such that the Court should dismiss any claim for violation of federal mail tampering statutes. *Id.*

Finally, it concluded that Plaintiff's First Amendment access-to-the courts claim is premature and should be dismissed without prejudice to raising in a subsequent action after the resolution of his other civil action. *Id.* at 9–10.

Plaintiff has timely objected to the R&R. Obj., ECF No. 6.

### III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Undersigned will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." The Undersigned "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

### IV. ANALYSIS

Plaintiff makes only two objections and therefore forfeits his right to object to any other aspect of the R&R. First, he objects to the conclusion that the Complaint lacks factual allegations against Defendants Szoke and Letts. Obj., ECF No. 1. Plaintiff points to page seven of his Complaint wherein he alleged

that he was told that each Defendant personally ordered Evans to confiscate and search Plaintiff's legal mail outside of his presence. Compl. at 7, ECF No. 3.

This objection is well-taken. The Complaint alleges that Plaintiff was told by someone that every Defendant ordered Evans to confiscate Plaintiff's legal mail and inspect it outside Plaintiff's presence. Compl. at 7, ECF No. 3. It also alleges on page 6 that Evans told Plaintiff that Letts gave Evans permission to confiscate Plaintiff's legal mail before the second shakedown. *Id.* at 6. At this stage in the proceedings, the Court takes as true the factual allegations, including these. Because the R&R recommends letting Plaintiff's interference with legal mail claim (Count Two) to proceed at this junction, it should proceed against all Defendants because the Complaint sufficiently *alleges* that every Defendant personally ordered the interference with Plaintiff's legal mail.

Second, Plaintiff objects to the R&R's recommendation to dismiss any official-capacity claim against Evans and Graves for damages. Obj. 2, ECF No. 6. Plaintiff argues that he sought damages against the Defendants in only their individual capacities, citing the Prayer for Relief in his Complaint. *Id.*

This objection is overruled as moot. It is true that Plaintiff expressly sought damages against each Defendant in their individual capacities. *See* Compl. at 8, ECF No. 3. However, it is equally true that, to the extent any portion of the Complaint could be read as requesting damages in Defendants' official capacities, that request should be denied. Thus, Plaintiff's individual-capacity requests for damages is not dismissed, but any portion of the Complaint that

could be liberally construed as also seeking damages against Defendants in their official capacities is dismissed.

## V. CONCLUSION

The R&R is **MODIFIED**. Plaintiff may proceed on the following claims: (1) Count One's First Amendment retaliation against Evans; (2) Count Two's First Amendment interference-with-legal-mail claim against all Defendants; and (3) Count Three's First Amendment interference-with-legal-mail claim against Evans. However, Plaintiff's denial of access to the courts claim (Count Four), improper handling of grievance claim (Count Five), violation of prison mail policy/procedure claim (Count Six), and violation of federal mail tampering law claim (Count Seven) are **DISMISSED**. Count Four is **DISMISSED WITHOUT PREJUDICE**, but Counts Five, Six, and Seven are **DISMISSED WITH PREJUDICE**.

The Court certifies pursuant to 28 U.S.C. § 1915(e)(2)(B) that any appeal of this Opinion and Order would not be taken in good faith.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**