IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RAYMOND D. BUSHNER,**

    **Plaintiff,**

    vs.

**ALLAN SZOKE*, et al.*,**

    **Defendants.**

Case No. 2:23-cv-3623

Judge Michael H. Watson

Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion to Compel (ECF No. 19), Defendants' Opposition (ECF No. 22) and Plaintiff's Reply (ECF No. 23).  For the reasons that follow, Plaintiff's Motion to Compel is **DENIED**.

## I.

Plaintiff alleges that on June 19, 2023, Defendant RCI Unit Manager Jeremy Evans advised him of the location of a set of handcuffs "for [him] to place a 'hit' [o]n [his] current cellmate in segregation."  (ECF No. 1-1, at PageID 19).  Plaintiff alleges that he refused to assault his cellmate, returned the handcuffs to Evans on June 20, 2023, and "expose[d]" the "breach of security."  (*Id*.).  In retaliation, on multiple occasions thereafter, Evans either shook down Plaintiff's cell himself or ordered others to do so.  (Compl., ECF No. 3.)  During the shakedowns, officers confiscated legal mail from Plaintiff's cell and examined it outside of his presence.  (*Id*.)  Plaintiff maintains the inspection of his legal mail outside of his presence

violated his constitutional rights to access the courts and be free from First Amendment retaliation, prison policies, and federal laws prohibiting tampering with mail. (*Id.*)

On June 10, 2024, Plaintiff filed a Motion to Compel certain video recordings and documents. First, Plaintiff requested footage from June 19, 2023 between 8:30 a.m. to 10:30 a.m., later clarifying that it allegedly contains video of him "holding up handcuffs Defendant Evans gave him," and will show "Defendant Evans come retrieve the handcuffs . . . ." (ECF No. 19 at p.2.) Second, Plaintiff sought footage from June 23, 2024 between 8:00 a.m. and 10:30 a.m. showing "two illegal cell searches of Plaintiff's cell. (ECF No. 10-3.) Third, Plaintiff requested security video footage of Defendant Graves "testing Plaintiff's confiscated legal mail." (*Id.*) Fourth and finally, Plaintiff sought video footage from June 23, 2023 to June 24, 2023 from 6:07 p.m. to 10:00 a.m. while he was on constant watch. (*Id.*)

In response, Counsel for Defendants confirms that none of the footage in Plaintiff's requests exists. Defendants emphasize that, in order for security video footage to be saved by the Ohio Department of Rehabilitation and Corrections ("ODRC"), there must be a "qualifying event" that triggers ODRC personnel to save and store the video. (ECF No. 22-1, Declaration of Todd Diehl). Defendants maintain that none of the security footage Plaintiff has requested contains a qualifying event. Defendants further note that, per ODRC policy 09-INV-01(12)(c), any video not reviewed, not specifically captured, or not part of any matter being litigated is automatically overridden after forty-five (45) days. (*Id.*) Here, Defendants point out, Plaintiff did not file his Complaint in this matter until December 8, 2023, well past 45 days from the events. (ECF. No. 3). Defendants also note that Plaintiff attached his informal complaints and grievances to his Complaint but the only date corresponding to requests for video footage is June 23, 2023, relating to the search of his cell. (ECF No. 3 PageID# 61). Thus, as Defendants see it, they and ODRC could not have been on alert that there was any pending action related to the any other events Plaintiff alleges.

## II.

"District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citation omitted). "'It is well established that the scope of discovery is within the sound discretion of the trial court.'" *Id.* (quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)). The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). While a plaintiff should "not be denied access to information necessary to establish her [or his] claim," a plaintiff may not be "permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016) (citation omitted); *see also Gallagher v. Anthony*, No. 16-cv-00284, 2016 WL 2997599, at *1 (N.D. Ohio May 24, 2016) ("[D]istrict courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce.").

"The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enter., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted). If the movant makes this showing, "then the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *Prado v. Thomas*, No. 3:16-CV-306, 2017 WL 5151377, at *1 (S.D. Ohio Oct. 19, 2017) (citing *O'Malley v. NaphCare, Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015)); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment (stating that a party claiming undue burden or expense "ordinarily has far better information—perhaps the only information—with respect to that part of the determination" and that a "party claiming that a request is important to

3

resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them").

The Federal Rules of Civil Procedure grant parties the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); *see also Siriano v. Goodman Mfg. Co., L.P.*, No. 2:14-CV-1131, 2015 WL 8259548, at *5 (S.D. Ohio Dec. 9, 2015). "*Relevance* is construed very broadly for discovery purposes." *Doe v. Ohio State Univ.*, No. 2:16-CV-171, 2018 WL 1373868, at *2 (S.D. Ohio Mar. 19, 2018) (citation omitted). Despite being construed broadly, the concept of relevance is not unlimited. *Averett v. Honda of Am. Mfg., Inc.*, No. 2:07-cv-1167, 2009 WL 799638, at *2 (S.D. Ohio March 24, 2009). Indeed, "[t]o satisfy the discoverability standard, the information sought must have more than minimal relevance to the claims or defenses." *Doe*, 2018 WL 1373868 at *2 (citations omitted). Furthermore, when information is "negligibly relevant [or] minimally important in resolving the issues" this will not satisfy the standard. *Id.* (citation omitted).

### III.

As noted above, Defendants aver that none of the footage in Plaintiff's requests exists. Defendants have no obligation to produce documents or things that do not exist. *Alomari v. Ohio Dep't of Pub. Safety*, No. 2:11-CV-00613, 2013 WL 5874762, at *4 (S.D. Ohio Oct. 30, 2013). Further, "[t]he representation of a responding party's attorney that no other documents [or things] exist 'is sufficient to defeat a [discovery motion] absent credible evidence that the representation is inaccurate.'" *State Farm Mut., Auto. Ins. Co. v. Max Rehab Physical Therapy, LLC*, No. CV 18-13257, 2021 WL 2843832, at *3 (E.D. Mich. June 28, 2021), *report and recommendation adopted*, No. CV 18-13257, 2021 WL 3930133 (E.D. Mich. Sept. 2, 2021) (quoting *Phoenix Process Equip. Co. v. Capital Equip. & Trading Corp.*, 2021 WL 1062553, at

4

*4 (W.D. Ky. Mar. 19, 2021)). Of course, trial counsel has an affirmative obligation to ensure that what a client is telling them is accurate and the Court presumes that they have discharged their duties in this case accordingly. *Snyder v. Fleetwood RV, Inc.*, No. 2:13-CV-1019, 2016 WL 339972, at *6 (S.D. Ohio Jan. 28, 2016) (citing *Bratka v. Anheuser-Busch Co., Inc.*, 164 F.R.D. 448 (S.D. Ohio 1995) (Graham, J.)); *see also Brown v. Tellermate Holdings Ltd.*, No. 2:11-CV-1122, 2014 WL 2987051, at *17 (S.D. Ohio July 1, 2014), *adopted as modified*, No. 2:11-CV-1122, 2015 WL 4742686 (S.D. Ohio Aug. 11, 2015) (quoting *Bernal v. All American Investment Realty, Inc.*, 479 F. Supp. 2d 1291, 1333 (S.D.Fla.2007)) ("sanctions can be imposed if an attorney fails in his or her 'duty to make a reasonable investigation to assure that their clients have provided all available responsive information and documents.'"). Here, counsel for Defendants expressly indicates that he inquired with Defendants and ODRC and supports this statement with a sworn declaration and email correspondence. (ECF No. 22-1 and 22-2.) Counsel avers that none of the video footage that Plaintiff seeks exists.

In his Reply, Plaintiff seems to suggest that the video does exist because he made Defendants aware of "pending litigation" after the "illegal cell searches" through his grievances in which he specifically requested in each grievance that the security-video footage be saved and stored. (Reply, ECF No. 23, at p. 2.) Yet, simply making the request in a grievance neither automatically alters ODRC policy nor converts the underlying incident into a qualified event. In essence, Plaintiff speculates that the footage must exist. Speculation that additional documents or things must exist is insufficient unless evidence is offered that a party is improperly withholding them. *Alomari*, at *4. Credible evidence includes presentation of responsive documents or things that the moving party obtained from another source or testimony showing knowledge of the existence of responsive documents or things. *State Farm*, at *3; *see also*

5

*Safelite Group, Inc. v. Lockridge*, 2023 WL 7525860, at *4 (S.D. Ohio, 2023). Plaintiff has provided no such evidentiary support. here.

At bottom, Plaintiff has asserted multiple retaliation claims against Defendants. None of the actual events that Plaintiff's claims happened in retaliation, however, are qualifying events that would cause ODRC to save the security footage. Moreover, because of ODRC policy, even assuming the events that led to Plaintiff's claims happened, no Defendant was on notice of pending legal action until approximately six (6) months later such that the any footage would have been overridden.

### IV.

For the foregoing reasons, Plaintiff's Motion to Compel (ECF No. 19) is **DENIED**.

**IT IS SO ORDERED.**


DATED: October 10, 2024

/s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**